UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN-ALEXANDER MORAN,<br><br>                      Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>                      Respondent. | Case No.: 25-CV-2657 JLS (VET)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

      Presently before the Court is Petitioner Darwin-Alexander Moran's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondent Pamela Bondi's (Attorney General of the United States) Response in Opposition to Petitioner's Habeas Petition ("Opp'n," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 18). For the reasons set forth below, the Court **DENIES WITH LEAVE TO AMEND** Petitioner's Petition for Writ of Habeas Corpus.

///
///
///
///
///
///
///

# BACKGROUND

Petitioner, an El Salvador national, alleges that they[1] have been detained by the Department of Homeland Security Immigration and Customs Enforcement at the Imperial Regional Detention Facility in Calexico, California, since August 28, 2023, when they arrived in the United States at or near El Paso, Texas, "requesting assistance in protecting [their] life." Pet. at 13, 22. On December 20, 2024, the Immigration Court denied asylum and ordered that Petitioner cannot be removed to El Salvador pursuant to the United Nations Convention Against Torture ("CAT"). *Id.* at 34. On September 29, 2025, Petitioner was accepted by Mexico for third country removal, but on two occasions refused removal to Mexico at the San Ysidro, California Port of Entry. Opp'n at 2. Petitioner claims that they are still in detention, and their continued detention "violates the detention statute and is unconstitutional." Pet. at 20. Respondent claims that ERO continues to seek a third country for Petitioner's removal. Opp'n at 2.

# LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

---

[1] As noted in the Immigration Court Opinion, Petitioner, though identifying as gay and non-binary, did not specify a preference for pronouns. Pet. at 24 n1. The Court respectfully uses "they/them" pronouns.

138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:
> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.

>   (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

As a threshold matter, as Respondent points out, Opp'n at 2, Petitioner has failed to name the warden of the facility where they are detained as respondent, as required by 28 U.S.C. § 2243. Therefore, the Court lacks jurisdiction to hear the Petition. *See Mukhamadiev v. U.S. Dep't of Homeland Security*, No. 25-cv-1017-DMS-MSB, 2025 WL1208913, at *3 (S.D. Cal. Apr. 25, 2025) ("[T]he Court cannot exercise jurisdiction over [petitioner's] Petition so long as he fails to name as respondent the warden of the detention facility where he is being detained.").

Even if Petitioner had correctly named the warden of the facility where they are detained, the Court is not persuaded that Petitioner has met their burden of demonstrating that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689 (the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Petitioner submits without explanation that they are "unlikely to be removed in the reasonably foreseeable future." Pet. at 19. Respondent submits that ICE is actively seeking Petitioner's removal to a third country despite their refusal to be removed to Mexico. Opp'n at 4. And in their Traverse, Petitioner did not refute Respondent's argument as to foreseeability.[2] *See generally* Docket. Therefore, Petitioner has not met their initial burden.

---

[2] However, Petitioner's Traverse seems to suggest that Petitioner may have a credible fear of removal to Mexico. *See generally* Traverse.

However, given Petitioner's pro se status, the Court **DENIES** the Petition **WITH LEAVE TO AMEND**. To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner **SHALL** not be removed from the United States until the Court resolves the case. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases). Pursuant to S.D. Cal., Chief Judge Order No. 134 (Nov. 18, 2025),[3] the Court recommends that Petitioner contact the Federal Defenders of San Diego, Inc. to assist in filing an amended petition.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **WITH LEAVE TO AMEND**. Within <u>forty-five (45) days</u> of entry of this Order, Petitioner may file an amended petition curing the deficiencies noted above. ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated: December 2, 2025

Hon. Janis L. Sammartino
United States District Judge

---

[3] Accessible at https://www.casd.uscourts.gov/rules/general-orders.aspx#tab2.