UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

D.A.M.,

                                    Petitioner,

v.

KRISTI NOEM, Secretary of the
Department of Homeland Security,
PAMELA JO BONDI, Attorney General,
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement,
JESUS ROCHA, Acting Field Office
Director, San Diego Field Office,
JEREMY CASEY, Warden of Imperial
Regional Detention Facility, DAVID
RIVAS, Warden of the San Luis
Detention Center,

                                    Respondents.

Case No.:  25-CV-2657 JLS (VET)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 22)

Presently before the Court is Petitioner D.A.M.'s First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 22).  Also before the Court are Respondents Kristi Noem's(Secretary of the Department of Homeland Security), Pamela Jo Bondi's (Attorney General), Todd M. Lyon's (Acting Director, Immigration and Customs Enforcement), Jesus Rocha's (Acting Field Office Director, San Diego Field Office), Jeremy Casey's (Warden of Imperial Regional Detention Facility), and David Rivas's (Warden of the San Luis Detention Center) Response in Opposition to Petitioner's

1

First Amended Habeas Petition ("Opp'n," ECF No. 26) and Petitioner's Traverse ("Traverse," ECF No. 27). For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's First Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a native and citizen of El Salvador, alleges that they have been detained by the Department of Homeland Security Immigration and Customs Enforcement, first at the Imperial Regional Detention Facility and now at the San Luis Detention Center, for over twenty-eight months. Pet. at 4. On December 20, 2024, an Immigration Judge granted Petitioner relief under the Convention Against Torture ("CAT"), finding that Petitioner would more likely than not risk torture if they returned to El Salvador. *Id.* at 6. After the Immigration Judge's Order became final on January 20, 2025, Petitioner sent the Order to the deportation office and "asked why they were still detained." *Id.* Two months later, the officer responded that Petitioner had to wait ninety days after the order became final. *Id.* The ninety days passed on April 20, and Petitioner remained in detention. *Id.* at 6–7. The officer then told Petitioner they had to wait 180 days from the final order of removal. *Id.* at 7. Petitioner was thereafter moved from a detention center in Colorado to the Imperial Regional Detention Center because "ICE needed to make space for more people in Colorado." *Id.*

In September 2025, around 245 days after the removal order became final, Petitioner was informed they would be removed to Mexico. *Id.* On September 29, 2025, Mexico accepted Petitioner, and Petitioner was sent to the border with Mexico. *Id.* at 8. Petitioner showed ICE officers the Immigration Judge's Order and explained that individuals from El Salvador were often "handed over from Mexico to Guatemala to El Salvador." *Id.* Petitioner was taken back to the detention center. *Id.* In late October, Petitioner was again taken to the border with Mexico and taken back to the detention center after showing ICE officers the Immigration Judge's Order. *Id.* On November 14, 2025, around 300 days after the removal order became final, ICE informed Petitioner that they would continue to detain Petitioner because they refused to depart within ninety days of

2

the removal order. *Id.* at 8–9. On November 19, 2025, the government indicated it was looking for a third country for removal. *Id.* Petitioner claims that their continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231, and the Due Process Clause of the Fifth Amendment. *Id.* at 13–27.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION[1]

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does

---

[1] Respondents first argue that the Court lacks jurisdiction over the Amended Petition because Petitioner fails to name as a respondent the warden of the facility where he is detained, as required by 28 U.S.C. § 2243. Ret. at 2. However, the Amended Petition names the wardens of the Imperial Regional Detention Facility and the San Luis Detention Center. *See generally* Pet.; *see also* Traverse at 2. Therefore, the Court will not deny the Amended Petition on these grounds.

not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Court finds that Petitioner has satisfied their initial burden.[2] Petitioner argues that "ICE's negligent failure to attempt a third country removal for more than 180 days

---

[2] Respondents do not contest that the six-month presumptively reasonable period has passed. *See generally* Ret.; *see also* Traverse at 2.

4

25-CV-2657 JLS (VET)

creates doubt that Petitioner will be removed in the reasonably foreseeable future"—and Petitioner has now been detained for almost twice as long as the presumptive 180-day period.  Pet. at 17.  Nor has the government provided documentation as to removal to a third country.  *Id.* at 18 (citing *PenaGil v. Lyons*, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *3 (D. Colo. Nov. 24, 2025) (granting petition where government "produced no documentation regarding petitioner's deportation to a third country and were twice unsuccessful in deporting petitioner to Mexico")).  Because Petitioner has shown good reason to believe they will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing.  *Zadvydas*, 533 at 701.

Respondents argue that Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future because ICE is seeking a third country for removal.  Ret. at 4–5.  Respondents, however, do not point to any evidence that they have selected a third country or taken any action to effectuate removal since attempting to remove Petitioner to Mexico.  *See generally* Ret.; *see also Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2 (S.D. Cal. Dec. 17, 2025) ("Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when others have failed.").  As Petitioner contends, "ICE has already had much more than six months to effectuate the removal" and "ha[s] done nothing for the first nine months to effectuate removal."  Traverse at 3.  The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal.  Accordingly, the Court **GRANTS IN PART** the Amended Petition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25-CV-2657 JLS (VET)

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 22), and **ORDERS** Respondents to immediately release Petitioner from custody.  The Parties are **ORDERED** to file a Joint Status Report by <u>February 10, 2026</u>, confirming that Petitioner has been released.  As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  January 20, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-2657 JLS (VET)